IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JONATHAN WILLIAMS #409035, | ) |
| Plaintiff, | ) |
| | ) NO. 3:22-cv-00729 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| J. TOWERS, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff Jonathan Williams, a detainee at Logan County Detention Center in Russellville, Kentucky, filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1), an application to proceed as a pauper (Doc. No. 2), and a "motion for summary judgment." (Doc. No. 4.) This case is before the court for initial review, as required by the Prison Litigation Reform Act. And as explained below, the case will be dismissed with prejudice.

### I. APPLICATION TO PROCEED AS A PAUPER

An inmate may bring a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Plaintiff's application to proceed as a pauper (Doc. No. 2 at 1–2) is accompanied by a certificate of his trust account activity for the six months preceding the filing of the complaint, signed by a jail official. (*Id.* at 3.) Both the application (signed by Plaintiff under penalty of perjury) and the certificate (signed by a jail official) reflect that Plaintiff does not have any funds available to spend. The Court therefore accepts that Plaintiff cannot pay the full filing fee in advance, even though he did not attach copies of the transaction logs for his trust account statement to the application. Accordingly, the application (Doc. No. 2) will be granted, and Plaintiff will be assessed the fee in the accompanying Order. 28 U.S.C. § 1915(b).

## II. INITIAL REVIEW

The Court must review and dismiss the Complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A. Because Plaintiff is representing himself, the Court must also hold the Complaint to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### A. Allegations

This case arises from a traffic stop in Springfield, Tennessee. Plaintiff expands on the allegations in the Complaint in the filing titled "motion for summary judgment," which, in substance, is more of a supplement to the Complaint than a properly supported summary judgment motion. For the purpose of initial review, therefore, the Court considers the allegations in the Complaint (Doc. No. 1) and so-called motion (Doc. No. 4) together and accepts them as true.

On August 5, 2020, Deputies Towers and Harrison of the Robertson County Sheriff's Department stopped a car in which Plaintiff was a passenger. (Doc. No. 1 at 2, 5.) The deputies justified the stop by stating that a search of the NCIC[1] database "showed there was not a record of confirmed insurance for the vehicle in the NCIC system." (*Id.* at 5.) The deputies searched the driver and Plaintiff, detained Plaintiff, and asked Plaintiff "incriminating" questions without first administering *Miranda*[2] warnings. (*Id.* at 5, 8.) The deputies referenced Plaintiff's "past affiliations and/or charges," which Plaintiff views as racial profiling. (Doc. No. 4 at 2.) The deputies then searched the car, finding a .25 caliber handgun. (*Id.*) Plaintiff was arrested. (Doc. No. 1 at 8; Doc. No. 4 at 2.) He sues both deputies, seeking monetary relief. (Doc. No. 1 at 1–2, 6.)

---

[1] The Court assumes that Plaintiff's use of "NCIC" refers to the National Crime Information Center.

[2] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

**B. Legal Standard**

To determine whether the Complaint states a claim, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

**C. Analysis**

Plaintiff brings this case under 42 U.S.C. § 1983, asserting claims based on the alleged traffic stop, search, racial profiling, and "un-*Mirandized*" questioning that occurred on August 5, 2020. It is clear from the face of the Complaint that, regardless of the merits, these claims are untimely.

A claim "is subject to dismissal without any further proof if 'the allegations . . . show that relief is barred by the applicable statute of limitations.'" *Surles v. Andison*, 678 F.3d 452, 458 (6th Cir. 2012) (quoting *Jones v. Bock*, 549 U.S. 199, 215 (2007)). In a Section 1983 case, "'state law determines which statute of limitations applies' while 'federal law determines when the statutory period begins to run.'" *Est. of Majors v. Gerlach*, 821 F. App'x 533, 537 (6th Cir. 2020) (quoting *Harrison v. Michigan*, 722 F.3d at 768, 722–73 (6th Cir. 2013)). For Section 1983 claims arising in Tennessee, the statute of limitations is one year. *Jordan v. Blount Cnty.*, 885 F.3d 413, 415 (6th Cir. 2018) (citing Tenn. Code Ann. § 28-3-104(a)). And the limitation period "begins to run 'when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has

occurred.'" *Garza v. Lansing Sch. Dist.*, 972 F.3d 853, 868 n.8 (6th Cir. 2020) (quoting *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996)).

Here, the limitation period for Plaintiff's claims started running on August 5, 2020. *See Hornback v. Lexington-Fayette Urb. Cnty., Gov't*, 543 F. App'x 499, 502 (6th Cir. 2013) ("Hornback had a colorable claim for the violation of his Fourth and Fourteenth Amendment rights on the day of the search, and the statute of limitations began to run on that date."); *Wright v. Louisville Metro Police Dep't*, No. 3:19-cv-760-DJH, 2020 WL 1909753, at *3 (W.D. Ky. Apr. 18, 2020) (citation omitted) ("[T]o the extent that Plaintiff is alleging a separate claim for racial profiling, the claim also accrued on the date of Plaintiff's arrest."). The Court deems this case filed on the signature date of the Complaint—August 29, 2022. (Doc. No. 1 at 6); *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (citations omitted) (explaining that, absent contrary evidence, courts assume that a prisoner files a complaint by giving it to prison officials for mailing "on the date he or she signed" it). Accordingly, Plaintiff's Section 1983 claims are untimely by more than a year.[3]

### III. CONCLUSION

For these reasons, Plaintiff's application to proceed as a pauper will be granted, this case will be dismissed with prejudice, and Plaintiff's supplemental filing titled as a "motion for summary judgment" will be denied as moot. The Court will also certify that any appeal in this matter would not be taken in good faith. 28 U.S.C § 1915(a)(3).

An appropriate Order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff's *Miranda* claim must also be dismissed because, as the Supreme Court recently held, *Miranda* violations do not "provide[] a basis for a claim under § 1983." *Vega v. Tekoh*, 142 S. Ct. 2095, 2101 (2022); *see id.* at 2108 (reasoning that "a violation of *Miranda* is not itself a violation of the Fifth Amendment" and finding "no justification for expanding *Miranda* to confer a right to sue under § 1983").